UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEREEN WOFFORD,

    *Plaintiff*,

v.

JONATHAN K. BUSTIOS, ET AL.

    *Defendants*.

Civil Action No. 17-4046 (JMV)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

Plaintiff Dereen A. Wofford ("Plaintiff") filed the instant action, generally alleging excessive force during his arrest by Paterson, New Jersey, police officers in December of 2016. (ECF No. 1 at p. 4.) He names, as defendants, several Paterson, New Jersey, police officers who participated in or viewed his arrest. On August 1, 2017, Plaintiff filed a letter with the Court stating that his "life is in grave danger in the custody of the loca[l] Passaic County Sheriff Department" and suggesting that he has been threatened by "officers" in the "facility." (ECF No. 6 at p. 1.) He also requests, in the letter, to be placed in "federal protection" and removed from state custody. (*Id.*)

In light of the emergent tenor of Plaintiff's letter, this Court has reviewed it and *sua sponte* determines that the letter raises potential claims that are separate and distinct from Plaintiff's allegations in his complaint, and therefore, may not be brought in the instant suit.[1] For claims to be brought in the same suit, under Fed. R. Civ. P 20(a)(2), the claims must arise out

---

[1] The Court may treat the letter as an attempted amended complaint and screen that complaint pursuant to 28 U.S.C. §1915(e)(2) or 28 U.S.C. §1915A. Additionally, courts may raise the issue of misjoinder, discussed below, *sua sponte*. *See McKinney v. Hemsley,* No. 14-3564, 2015 WL 5949846, at *3 (D.N.J. Oct. 9, 2015).

of the "same transaction or occurrence," or contain a "question of law or fact common to all defendants" that would permit joinder of these parties under that rule. *Id.* Here, Plaintiff's excessive force allegations tied to his arrest, and the alleged threats on his life he is receiving in jail, do not arise out of the same transaction, nor do they contain a common question of law or fact. *See Miller v. Lanigan*, No. 12-4470, 2013 WL 1750138, at *2 (D.N.J. Apr. 23, 2013) (stating that prisoner plaintiffs must comply with Federal Rules of Civil Procedure 18 and 20). Moreover, it is not clear from the letter which exact defendants Plaintiff intends to bring his newly asserted claims against. In the instant action, he is suing Paterson, New Jersey police officers, but in the letter he appears to be seeking redress from the Passaic County officers who work at the jail.

When there has been a misjoinder, a court may sever the case into multiple civil actions. *See, e.g., DirecTV, Inc. v. Leto,* 467 F.3d 842, 845 (3d Cir. 2006) (quoting Fed. R. Civ. P. 21) (severing parties). Accordingly, the Court will sever this action into two separate actions. In creating the new action, the Court will give Plaintiff the opportunity to file an amended complaint as to his new matter within 30 days, clarifying his claims and more clearly specifying which defendants he intends to file his claims against in the new matter. To be clear, in referring to the "new matter," the Court is referring to Plaintiff's recent claims against persons in the Passaic County Sheriff's Department as opposed to the Paterson officials, who were the subject of Plaintiff's original case. Plaintiff should be aware that, if he does proceed with the second action, he will incur a separate filing fee for that action.

An appropriate Order accompanies this Opinion.

Date: August 4, 2017                               s/ John Michael Vazquez
                                                                            John Michael Vazquez, U.S.D.J.