

```
-------------------------------------------------X
UNITED STATES District Court
```

Dereen A. Wofford
                Plaintiff,

   -against- VS
Paterson Police Dept Et al,
Jonathon K. Bostios Et al
John Doe Passaic County officers
                Defendants.
-------------------------------------------------X

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2017 OCT 11  P 3: 29

**AMENDED COMPLAINT**

2: CV 17-CV- (040)(46)JMV-JBC

17- 3149 (JMV)

17- 4046 (JMV)

17- 6360 (JMV)

## HOW TO AMEND YOUR COMPLAINT

If you have forgotten to state an important matter in your complaint, you discover something new after you filed your complaint, you want to add a defendant, or you want to insert the real name of a "John Doe" defendant, you may want to file an amended complaint. An amended complaint does not just add to the first complaint. An amended complaint entirely replaces the original complaint. Therefore, an amended complaint must include those portions of the original complaint that are necessary, while adding the new material to be considered.

Amendments to a complaint are governed by Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) provides that:

> (1) A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> (3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

This means that you can file **one** amended complaint without permission of the Court or the consent of the defendant(s) so long as the amended complaint is filed within 21 days after serving the original complaint or the amended complaint is filed within 21 days after service of the answer or a motion under Rule 12(b), (e) or (f). After the 21-day period has expired, you **must** get written consent from the defendant or the Court's permission before amending your complaint. Unless the defendant(s) agrees in writing that you can file an amended complaint, you must ask the judge for permission to amend by filing a motion to amend the complaint and attaching a copy of the proposed amended complaint to your motion. Instructions for preparing a motion are attached.

If you file an amended complaint. It **must** be captioned as an "**Amended Complaint.**" An example of the face page of an amended complaint is attached.    Revised 7/1/10

UNITED STATES DISTRICT COURT



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

# CIVIL RIGHTS COMPLAINT FORM

The United States Attorney's Office, in coordination with the Civil Rights Division of the United States Department of Justice, is charged with enforcing the federal civil rights laws throughout the District of New Jersey. The Office therefore readily receives information that brings to its attention possible violations of federal civil rights laws. The United States Attorney's Office is primarily a legal office and not an investigative agency. This Office will determine if your complaint raises a potential violation of federal civil rights laws that would be within the jurisdiction of this Office to investigate, or should be referred to another agency for investigation or other action.

Date 9-22-2017

**Person filing complaint:**

Name DeReen A Wofford #00276034#
DeReen A. Wofford
Address 11 Marshall St P.C.J 462
City, State, Zip Paterson New Jersey 07501
Day Time Phone N/A
E-mail N/A
Best method and time for contact

**Person/Entity you are filing complaint about:**

Name Paterson Police Dept / Passaic County Prosecutors (Offices)
JB JF AT MT FT. DET PASDA. and Others
Address 111 Broadway
Paterson Police Dept / Passic County Prosecutors offices
City, State, Zip Paterson New Jersey 07501
Day Time Phone N/A
E-mail N/A
Best method and time for contact

**Nature of alleged civil rights violation (please check area that applies to your complaint):**

- [ ] Abortion Clinic Access
- [ ] Credit/Lending Opportunities
- [ ] Disability Rights or Access
- [ ] Educational Opportunities
- [ ] Employment Discrimination
- [ ] Hate Crime
- [ ] Housing Discrimination
- [ ] Human Trafficking
- [x] Law Enforcement Misconduct
- [ ] Military/Veteran Status
- [ ] Prisoner or Institutionalized Person Rights
- [ ] Religious Land Use
- [ ] Voting Rights
- [ ] Other:_____

**What do you believe was the reason for the discrimination?:**

- [ ] Disability
- [ ] National Origin
- [ ] Race
- [ ] Religion
- [ ] Sexual Orientation
- [x] Other Obsecives forces misconduct

Corruption Tampering with government declarets / evindences with hopes of covering up a wrongful police invovko shoot ) Shot (3 Times) wile laying down face down in handcuff's from behind (Have) Full Discovery that prove's it pictres as well )

Mass corruption case involving police shooting cover up between local Police department Passaic County prosecutor's offices As well as Deptment

**Describe the civil rights violation that you would like to bring to the attention of the U.S. Attorney's Office. Include as much information as possible, including the date, place, nature of incident and contact information for any witnesses (please include copies of supporting documentation, but do not send original documents):**

On Dec 30, 2016, I myself Dereen A. Wofford was involved in Domestic/Dsp/ with exgirlfriend which scene has been dissmissed in superior court however officers from the Paterson Patrol unit Responded along with Passic County Sheriff's Dept Passaic County Prosecutors Offices Det Pasana on sceen to a Police involved shooting as well As Lt Losto, Lt Urena B.A. Capt. Melara Cheiff Rogerigens, all who had involvement in this investergation. I was shot (3) times lying facedown on the floor of my home onceN the officer's broken down my front door with out a search warrant Also

[Attach additional page(s) if necessary]

I was handcuffed behind my back why officer Joseph K Bustos #418 stood over top me and fired these rounds into my body while officers Matthew Torres pushed and kicked me up to side the head.

**Are you represented by an attorney in this matter?** ☑ Yes ☐ No If yes, please provide name of attorney, address and phone number: (Armanine Stutemore) Public Defender Have applied to Rep. Posay cant Refuse while Defender works with prosecutors

**Have you filed a lawsuit concerning this matter?** ☑ Yes ☐ No If yes, please provide the case name, court in which the case was brought, and the status of the case: 2:17-CV-04046 JMV-JBC. 17-6360(JMV) 17-3149(JMV) (pending) Amendment complaint hope I'm doing Right.

**Have you filed a complaint about this matter with any other federal, state, or government agency?** ☐ Yes ☐ No If yes, please list the agency, contact person, phone number and status of the complaint:

US District Court Newark New Jersey 07/01-0949

(Also # Kevin Conroy ) Det Passaic County Prosecutors offices # Nart Kaghado (Tampering with Evidence government Docketment's To cover up Police Involved shooting please Investergate

Case 2:17-cv-04046-JMV-JBC   Document 22   Filed 10/11/17   Page 5 of 16 PageID: 132

Case 2:17-cv-04046-JMV-JBC   Document 13   Filed 09/13/17   Page 1 of 9 PageID: 89

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEREEN A. WOFFORD,** | Civil Action No. 17-3149 (JMV) |
| Plaintiff, | |
| v. | **OPINION APPLIES TO ALL ACTIONS** |
| **PATERSON POLICE DEP'T,** *et al.*, | |
| Defendants | |
| **DEREEN A. WOFFORD,** | Civil Action No. 17-4046 (JMV) |
| Plaintiff, | |
| v. | |
| **JONATHON K. BUSTIOS,** *et al.*, | |
| Defendants | |
| **DEREEN A. WOFFORD,** | Civil Action No. 17-6360 (JMV) |
| Plaintiff, | |
| v. | |
| **JOHN DOE PASSAIC COUNTY OFFICERS,** | |
| Defendants. | |

Plaintiff Dereen A. Wofford, an inmate confined in Passaic County Jail in Paterson, New Jersey, recently filed three civil rights actions in this Court. This Court first addressed Civil Action No. 17-4046 (JMV) by granting Plaintiff's application to proceed *in forma pauperis* under 28

U.S.C. § 1915, and directing service on Defendants Jonathon K. Bustios, John Farfan, Frank Torledo, Alexis Torres, and Matthew Torres. *Wofford v. Bustios*, Civ. Action No. 17-4046(JMV) (D.N.J. June 12, 2017 (ECF No. 3)) ("Action 4046.") In Action 4046, Plaintiff alleged that on December 30, 2016,[1] the defendants responded to a domestic dispute at his ex-girlfriend's house. (Action No. 4046, ECF No. 1 at 4.) Specifically, Plaintiff alleged Officer Matthew Torres punched, kicked and handcuffed Plaintiff, and Officer Jonathon Bustios shot Plaintiff three times while he was handcuffed and lying face down on the floor. (*Id.*) The other defendant officers were at the scene but did not enter the apartment. (*Id.*) For relief, Plaintiff seeks immediate release from jail and money damages. (*Id.* at 5.)

On August 1, 2017, Petitioner submitted a letter to the Court in Action 4046. (Id., ECF No. 6.) In that letter, Petitioner alleged his life was in grave danger because officers working in the Passaic County Jail had threatened him. (*Id.*) Plaintiff asked to be placed in federal protection. (*Id.*) The Court construed Plaintiff's letter as raising potential new claims against officers at the Passaic County Jail, separate and apart from his civil action against the Paterson Police Department Officers who were involved in his arrest. (Action No. 4046, ECF Nos. 8, 9.) Thus, the Court directed the Clerk of the Court to open a new civil action in which to file Plaintiff's letter, which led to the creation of *Wofford v. John Doe Passaic County Officers*, Civil Action No. 17-6360 (JMV) ("Action 6360.") The Court directed Plaintiff to file an Amended Complaint in the new action within 30 days, in order to clarify his claims against John Doe Passaic County Officers. (*Id.*) The Court also informed Plaintiff that if he chose to proceed in the new action, he would incur a separate filing fee for that action. (Action 4046, ECF No. 8 at 2.)

---

[1] At various times, Plaintiff has referred to his arrest occurring on December 30, 2016 or December 31, 2016.

Then, on August 15, 2017, in Action 4046, the Court received a letter from Plaintiff stating he could prove a "city wide mass corruption case between Paterson Police Department and Passaic Count[y] Prosecutor Office[]" who are conspiring to cover up the wrongful shooting by Officer Bustios. (ECF No. 10 at 2.) Plaintiff asked the Court to start a federal investigation. (*Id.*)

The Court received another letter from Plaintiff in Action 4046 on August 28, 2017. (ECF No. 11.) Plaintiff repeated that his life was in danger at the Passaic County Sheriff's Department, because a family member of Officer [Bustios], whom Plaintiff sued for shooting him during his arrest, works in the housing unit where Plaintiff is detained. (*Id.* at 1.) Plaintiff asserted "Judge Scott Bennig issued a (NVC)[2] as to family member friends of the officers involved in this incident yet the jail does not Honor the court order." (*Id.*) Plaintiff states, however, that his most important complaint is that he has proof of his innocence. (*Id.*)

Now before the Court is Civil Action No. 17-3149(JMV), which Plaintiff filed on May 4, 2017, seeking to proceed *in forma pauperis*. ("Action 3149") (ECF No. 1.) Plaintiff's IFP application establishes his financial eligibility to proceed under 28 U.S.C. § 1915, and it is granted. (ECF No. 1-1.) Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must now screen the complaint.

## I. COMPLAINT

Plaintiff alleges the following facts, accepted as true for purposes of screening the Complaint. On December 31, 2016, Defendants J.B. and J.F., detectives with the Paterson Police Department, together with Passaic County Sheriff Department's Special Response Team Officers, identified as "A.T.," "F.T." "M.T," and Det. D. Posada, shot Plaintiff in his home, while he was

---

[2] The Court assumes Plaintiff is asserting that Judge Bennig issued an order prohibiting family members or friends of Paterson Police Department Officer Jonathon K. Bustios from having contact with Plaintiff.

3

handcuffed and on the ground. (ECF No. 1, ¶4.) The officers were responding to a "Domestic D.V. Reports of a weapon" when they arrived at Plaintiff's apartment in Paterson, New Jersey. (*Id.*, ¶6.) The officers broke down the door to gain entrance, alleging they heard a shot fired. (*Id.*) Plaintiff was "brought to the floor," punched, kicked and handcuffed. (*Id.*) He was then shot three times while lying face down on the floor. (*Id.*) On April 14, 2017, in Passaic County Jail, Plaintiff requested a field interview with "I.A." (*Id.*, ¶5.) He was told that "they" have no knowledge of the incident. (*Id.*) For relief, Plaintiff requested that (1) this Court bring criminal charges against the officers; (2) Passaic County Sheriff's Department pay for his medical and legal expenses; and (3) all criminal charges against Plaintiff be vacated. (*Id.*, ¶¶6-7.)

On May 26, 2017, the Court received a letter from Plaintiff, which was docketed in Action 3149. (ECF No. 2.) Plaintiff asserted he could prove his innocence of the crimes based on the discovery he received from the Passaic County Prosecutor's Office. (*Id.*) Specifically, Plaintiff alleged "a law official lied under oath, and tamperd [sic] with Government evidence. . ." (*Id.*) Plaintiff requested that the Court "send help in a federal probe investigation of local city officials who have operated above the law of government in which they have violated constitutional rights, broke criminal and civil laws and committed Federal Crimes . . ." (*Id.*)

On July 12, 2017, in Action 3149, Plaintiff filed a self-styled "Notice of Motion for Violation N.J.S.A. 2C:28-6 tampering with or fabricating physical evidence," which was addressed to "Hon. Sohail Mohammed J.S.C., Passaic County Courthouse, 77 Hamilton Street, Paterson, New Jersey, 07505" and "Edward Wingern III CDM, Criminal Division Office, 77 Hamilton Street, 2nd Fl, Paterson, New Jersey, 07505." (ECF No. 3.)

II.   DISCUSSION

A.   *Sua Sponte* Dismissal

4

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), district courts must review complaints filed by prisoners in civil actions and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

B.   Duplicative Complaints

In Action 4046, the Court granted Plaintiff's IFP application and permitted Plaintiff's Complaint, regarding his arrest on December 31, 2016, to proceed against Police Officers Jonathon K. Bustios, John Farfan, Frank Torledo, Alexis Torres, and Matthew Torres. Plaintiff's claims against Defendants J.B. and J.F. A.T., F.T., M.T in this action are duplicative of those in Action



To: MR William T Walsh
United States District Deputy Clerk
Newark New Jersey 07101

THE PASSAIC COUNTY [illegible] CENSORED NOR INSPECTED [illegible] THE SHERIFF'S DEPARTMENT DOES NOT ASSUME RESPONSIBILITY FOR ITS CONTENTS.